UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JARVIS ALLEN ARAGON,

Petitioner,

v.

TERRY ROYAL, *et al.*,

Respondents.

Case No. 3:25-cv-00456-MMD-CSD

ORDER

On or about August 27, 2025, *pro se* Petitioner Jarvis Allen Aragon commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 4 ("Petition").) The Court screened the Petition and ordered that it be served on Respondents. (ECF No. 3.) Aragon moved for the appointment of counsel on December 16, 2025. (ECF No. 6.) This Court denied the motion, finding that Aragon's Petition was sufficiently clear, and the issues were not especially complex. (ECF No. 7.) Aragon moved for the appointment of counsel again on February 25, 2026. (ECF No. 16.) The Court denied the motion, finding that it was identical to Aragon's previous motion and that there was no basis to reconsider its prior order. (ECF No. 17.) Aragon has filed another motion for the appointment of counsel, explaining that he "is uneducated in the legal process," "requires the assistance of experts in the investigation and getting evidence," and "is indigent and cannot afford or find and retain counsel on his own." (ECF No. 18 ("Motion").)

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*,

481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The Court has again reviewed Aragon's Petition and finds that Aragon's claims are articulated well. Aragon also fails to indicate in his Motion what evidence needs expert investigation. Thus, for the third time, the Court concludes that counsel is not justified in this case.

It is therefore ordered that the Motion (ECF No. 18) is denied.

It is further ordered that Aragon's response to Respondents' motion to dismiss (ECF No. 14) is due on April 12, 2026. (ECF No. 17.)

DATED THIS 17th Day of March 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2