UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JARVIS ALLEN ARAGON,

Petitioner,

v.

DEBORA BORGAS,[1]

Respondent.

Case No. 3:25-cv-00456-MMD-CSD

ORDER

## I.    SUMMARY

Petitioner Jarvis Allen Aragon, a Nevada prisoner, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 4 ("Petition").) Currently before the Court is Respondent's motion to dismiss the Petition. (ECF No. 14 ("Motion").) Aragon opposed the Motion,[2] and Respondent replied. (ECF Nos. 20, 21.) For the reasons discussed below, the Court grants the Motion in part.

## II.    BACKGROUND

Aragon pleaded guilty under *Alford*[3] to attempted sexual assault of a minor under the age of 14 and was sentenced to 42 to 120 months in prison. (ECF No. 10-33.) Aragon did not file a direct appeal but instead filed a state habeas petition on June 5, 2024. (ECF No. 10-35.) The state court denied the petition. (ECF No. 10-42.) Aragon appealed, and

---

[1]The state corrections department's inmate locator page shows that Aragon is incarcerated at Ely State Prison. Debora Borgas is the current warden for that facility. Accordingly, at the end of this Order, the Court kindly requests the Clerk of Court substitute Debora Borgas for Respondent Terry Royal. *See* Fed. R. Civ. P. 25(d).

[2]Aragon's opposition was filed as a motion to deny Respondent's Motion.

[3]*North Carolina v. Alford*, 400 U.S. 25 (1970).

the Nevada Court of Appeals affirmed on June 16, 2025 (ECF No. 10-51) and issued a remittitur on July 7, 2025 (ECF No. 10-52).

Aragon commenced this action on August 27, 2025. (ECF No. 1.) Aragon raises the following grounds for relief in his Petition:

1.   His trial counsel coerced him into pleading guilty.
2.   He did not enter his plea knowingly and voluntarily.
3.   The trial court erred (a) by denying his freestanding claim of actual innocence, (b) by denying his abuse of process and *Brady* claims, (c) by failing to appoint post-conviction counsel, (d) by denying his state habeas petition without conducting a hearing, and (e) due to cumulative error.

(ECF No. 4.)[4] Respondent argues that Aragon's Petition contains claims that are unexhausted, not cognizable, and/or conclusory. (ECF No. 14.)

## III.   LEGAL STANDARDS

### A.   Exhaustion

A state prisoner first must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")). A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal

---

[4]Respondent separates grounds 1 and 2 into various subclaims. The parties are instructed to use the Court's numbering of claims going forward.

basis. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *See Picard*, 404 U.S. at 277–78.

### B. Cognizable Claims

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, a claim is not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

### C. Conclusory Claims

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" whereas Habeas Rule 2(c) "is more demanding"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *See id*. at 649. A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

///

3

## IV.    DISCUSSION

### A.    Ground 1

Respondent argues that the following subclaims within ground 1 are unexhausted: Aragon's trial counsel's failure to (1) conduct a reasonable investigation, (2) advise him that by pleading guilty the prosecutor would not have to prove guilt beyond a reasonable doubt, and (3) file a motion regarding witnesses. (ECF No. 14 at 5.) The Court understands these as arguments in support of ground 1 and not as subclaims that need to be individually exhausted. The legal theory of ground 1 remains the same as the legal theory presented to the state courts—Aragon's trial counsel was ineffective in violation of *Strickland* because he coerced Aragon into pleading guilty—and the factual basis of ground 1 is not altered by the incorporation of these arguments that are based on the same set of facts. Respondent also argues that Aragon's cumulative error subclaim in ground 1 is unexhausted. (*Id.* at 8.) Again, the Court does not read this as a standalone claim. Rather, the Court interprets Aragon as arguing that his trial counsel's deficiencies regarding the entering of his plea—when considered altogether—prejudiced him. The Court finds that ground 1 is exhausted.

### B.    Ground 2

Respondent argues that the following subclaims within ground 2 are unexhausted: Aragon's plea was not knowingly and voluntarily entered because (1) the trial court accepted his plea without him admitting the elements of the formal criminal charge, (2) his trial counsel misrepresented the facts and law and influenced him to plea, (3) his trial counsel abandoned him, and (4) his trial counsel failed to accept a plea offer in July 2022 that he advised her to accept. (*Id.* at 5.) Relatedly, Respondent argues that the following subclaims within ground 2 are procedurally defaulted: (1) the trial court denied his presentence motion to withdraw his guilty plea, (2) the trial court admitted his prior bad acts without an evidentiary hearing, and (3) the trial court allowed the parties to meet in chambers without him. (*Id.* at 12.) Like ground 1, the Court does not read these arguments

4

as subclaims that need to be individually exhausted and/or dismissed for being procedurally defaulted. The legal theory of ground 2 remains the same as the legal theory presented to the state courts—his plea was not knowingly and voluntarily entered—and the factual basis of ground 2 is not altered by the incorporation of these arguments that are based on the same set of facts. Respondent also argues that Aragon's cumulative error subclaim in ground 2 is unexhausted. (*Id.* at 8.) Again, the Court does not read this as a standalone claim. Rather, the Court interprets Aragon as arguing that the accumulation of issues presented shows that his plea was not valid. The Court finds that ground 2 is exhausted.

### C.     Ground 3

In ground 3(a), Aragon argues that the trial court erroneously denied his freestanding claim of actual innocence. Respondent argues that this claim is not cognizable. (*Id.* at 9.) The Supreme Court has not decided whether a petitioner can bring a freestanding claim of actual innocence under federal constitutional law. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Thus, given the open nature of this question, the Court declines to dismiss ground 3(a).

In ground 3(b), Aragon argues that the trial court erred in denying his abuse of process and *Brady* claims. (ECF No. 4 at 19.) Aragon fails to allege any facts regarding these alleged violations, so the Court dismisses ground 3(b) as conclusory. The Nevada Court of Appeals dismissed this claim for the same reason. (ECF No. 10-51 at 7–8 ("Aragon does not support these claims below with specific facts that, if true, would entitle him to relief. He failed to specify what the abuse of the process was or how *Brady* was violated.").)

In grounds 3(c) and 3(d), Aragon argues, respectively, that the state court erred in failing to appoint post-conviction counsel and denying his state habeas petition without conducting a hearing. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*,

877 F.2d 26, 26 (9th Cir. 1989); *see also Cooper v. Neven*, 641 F.3d 322, 331–32 (9th Cir. 2011) (affirming dismissal of claims stemming "from activities arising out of the state trial court's consideration of [the petitioner's] last state habeas petition"). Accordingly, because grounds 3(c) and 3(d) involve alleged errors in the state post-conviction process, they are not cognizable on federal habeas review and are dismissed.

In ground 3(e), Aragon argues that the trial court's cumulative errors entitle him to relief. Respondent argues that ground 3(e) is not cognizable. (ECF No. 14 at 8.) The Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). However, given that Aragon only has one remaining trial-court-error claim, meaning that there are no errors to cumulate, the Court dismisses this ground due to a lack of factual basis.

**V.    CONCLUSION**

It is therefore ordered that Respondent's Motion (ECF No. 14) is granted, in part.

It is further ordered that Aragon's motion to deny Respondent's Motion (ECF No. 20) is granted, in part.

It is further ordered that grounds 3(b), 3(c), 3(d), and 3(e) of the Petition (ECF No. 4) are dismissed.

It is further ordered that Respondent has up to and including July 13, 2026, to file her answer to grounds 1, 2, and 3(a). Aragon will then have 30 days to file his reply.

It is further kindly ordered that the Clerk of Court substitute Debora Borgas for Respondent Terry Royal.

DATED THIS 12th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE